**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

MARIYAH MAPLE,                               )
                                             )
    Plaintiff,                           )
                                             )
    v.                                   )    Case No. 21-CV-23960-JLK
                                             )
City of Miami Beach, V. STELLA,              )
#1065, J. BERCIAN, #2062,                    )
K. BRYANT, #2098,                            )
Miami Beach Police Officers, individually,   )
                                             )
    Defendants.                          )    **JURY DEMANDED**

**SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES the plaintiff, MARIYAH MAPLE, by and through her undersigned attorneys, complains of Defendants, V. Stella, #1065, J. Bercian, #2062, and K. Bryant, #2098, Miami Beach Police Officers, individually, ("Defendant Officers") and the City of Miami Beach and in support thereof states as follows:

**INTRODUCTION**

1. This is a civil action, arising out of the arrest, use of force, and charges lodged against Plaintiff Mariyah Maple by the City of Miami Beach and Defendant Officers, brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to the Civil Rights Act, 42 U.S.C., § 1983, the judicial code 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and venue is proper under 28 U.S.C. §1391. On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the district.

1

**PLAINTIFF'S FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

3. The Defendant, City of Miami Beach, is a political subdivision of the State of Florida, a Florida municipal corporation, and at all relevant times had ultimate authority over the City of Miami Beach Police Department and the Defendant Officers.

4. Plaintiff is Mariyah Maple, a Buffalo, New York resident, who was arrested and charged by Miami Beach Police on July 25, 2021 at approximately 3:05 a.m..

5. Defendant V. Stella, #1065, was, at the time of this occurrence, a duly licensed Miami Beach Police Department Officer.  Defendant Officer engaged in the conduct complained of in the course and scope of his employment and under color of law.  Defendant Officer is sued in his individual capacity.

6. Defendant J. Bercian, #2062, was, at the time of this occurrence, a duly licensed Miami Beach Police Department Officer.  Defendant Officer engaged in the conduct complained of in the course and scope of his employment and under color of law.  Defendant Officer is sued in his individual capacity.

7. Defendant K. Bryant, #2098, was, at the time of this occurrence, a duly licensed Miami Beach Police Department Officer.  Defendant Officer engaged in the conduct complained of in the course and scope of his employment and under color of law.  Defendant Officer is sued in his individual capacity.

8. On July 25, 2021 at approximately 3:05 a.m. Plaintiff Mariyah Maple was lawfully standing on the sidewalk using her phone on Collins Avenue in Miami Beach, Florida.

9.  Plaintiff was arrested for allegedly violating City of Miami Beach Ordinance Section 70-8 - Approaching a law enforcement officer, after warning, with intent to impede, provoke

or harass. That ordinance provides as follows:

(a) As used in this section, the term "law enforcement officer" shall be defined as set forth in section 70-86 of the City Code. (b) It shall be unlawful for any person, after receiving a warning from a law enforcement officer, to approach or remain within 20 feet of a law enforcement officer engaged in the lawful performance of any legal duty with the intent to: (1) Interrupt, disrupt, hinder, impede or interfere with a law enforcement officer's ability to perform such duty; or (2) Provoke a physical response from a law enforcement officer; or (3) Directly or indirectly harass a law enforcement officer. (c) A violation of this section shall be punished in accordance with section 1-14 of the City Code.

10. The terms "interrupt," "disrupt," "hinder", "impede," "interfere" and "indirectly harass" are not defined in the ordinance.

11. In February 2021, members of the Florida Senate filed a similarly worded bill, SB 1912. That bill died in committee in April of that session.

12. In March 2021, members of the Florida House of Representatives proposed another similarly worded bill, HB 1581. That bill also died in committee in April of that session.

13. In speaking in favor of the Ordinance during a City Commission Meeting on May 12, 2021, a co-sponsor stated, "It doesn't really matter to me what they did in Tallahassee."

14. In speaking in favor of the Ordinance during a City Commission Meeting on June 23, 2021, another co-sponsor stated that he supported the ordinance for the following reason: "I think we need to recognize that some of the behavior that we're seeing in Miami Beach and, frankly nationwide, in the approach towards law enforcement is at a level of lack of respect that we haven't seen in a long long time . . . . We need to take every opportunity we can to show support for our frontline officers, so I'm delighted to co-sponsor this."

15. This municipal policy is unconstitutional under the United States Constitution's First and Fourteenth Amendments.

16. As a result of the unconstitutional policy, unlawful use of force, unlawful arrest, and

3

unlawful prosecution of Plaintiff, she suffered severe personal injuries, including but not limited to violations of her constitutional rights, emotional and psychological injuries, physical injuries, lost time, lost income, and attorneys' fees and costs related to the unlawful arrest and prosecution.

**COUNT I – 42 U.S.C. §1983**
**Fourth Amendment – Excessive Force**
**Against Defendant Stella**

17. A bystander video of the incident captured Defendant Sergeant V. Stella, # 1065, approaching Plaintiff's location with his police bicycle and department issued chemical weapon spray in hand.

18. Without any lawful justification, Defendant Stella commanded Plaintiff to backup, even though she was adequately distanced from whatever the police were doing and was not interfering or obstructing the police in any way.

19. The bystander video shows that Defendant Stella approaches Plaintiff carrying his police bicycle and chemical weapon spray and during the approach tells Plaintiff twice to backup in two seconds.

20. Within the two second window, Plaintiff is looking at and using her phone, and upon information and belief, Defendant Stella believed Plaintiff was recording the police. As Plaintiff continued using her phone and before Plaintiff had an opportunity to respond, Defendant Stella intentionally struck Plaintiff with his bicycle and deployed chemical weapon spray, striking Plaintiff in the face and causing severe burns to Plaintiff's eyes.

21. The use of force by Defendant Stella against Plaintiff was excessive, unreasonable, and unnecessary because Plaintiff had committed no crime, was lawfully located on the public way, and there was no apparent or urgent need for Plaintiff to move anywhere. In addition,

the use of force was retaliatory against Plaintiff for engaging in protected First Amendment activities, namely recording with her phone on the public way.

22. As described in the preceding paragraphs, the conduct of Defendant Stella, acting under the color of law, constituted excessive force in violation of the Fourth Amendment to the United States Constitution, and 42 U.S.C., Section 1983.

23. By using his bicycle as a weapon and deploying chemical weapon spray against Plaintiff for doing nothing other than standing lawfully on the public way using her phone, Defendant Stella violated Plaintiff's Fourth Amendment right to be free from excessive force.

24. The misconduct described in this count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

25. The misconduct described in this count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

26. As the proximate result of Defendant Stella's unjustified and excessive use of force, Plaintiff suffered severe physical pain, medical expenses, emotional and psychological distress, and the loss of her dignity and constitutional rights.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant Stella for compensatory damages and because Defendant Stella acted maliciously, wantonly, and oppressively, Plaintiff seeks punitive damages against Defendant Stella in his individual capacity, plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

**COUNT II – 42 U.S.C. §1983**
**Fourth Amendment – False Arrest**
**Against All Defendant Officers**

27. Plaintiff then went and sat inside a vehicle. Upon information and belief, at the direction of Defendant Stella, the other Defendant Officers Bercian and Bryant, approached Plaintiff's mother and asked to the effect if Plaintiff was alright, and when Plaintiff's mother indicated that Plaintiff was hurt, Bercian and Bryant claimed they needed to arrest her.

28. At the direction of Defendant Stella, one of the Defendant Officers, Bercian or Bryant, then approached Plaintiff and questioned her well being, and when Plaintiff said her eyes hurt, the officer indicated to the effect that if they had to get her medical attention she would be arrested.

29. At the direction of Defendant Stella, that same Defendant Officer then affected Plaintiff's arrest.

30. Plaintiff's arrest lacked probable cause or any other lawful basis and was carried out in retaliation for Plaintiff's exercise of protected First Amendment activities, namely the use of her phone to record on the public way.

31. Each of the three Defendant Officers acted jointly and in concert with each other to cause Plaintiff's arrest without any lawful basis.

32. As described in the preceding paragraphs, the conduct of Defendant Officers, acting under the color of law, constituted a false arrest in violation of the Fourth Amendment to the United States Constitution, and 42 U.S.C., Section 1983.

33. By acting in concert and jointly to arrest Plaintiff, the Defendant Officers engaged in joint activity for which they are all liable and caused Plaintiff's arrest.

34. Defendant Officers arrested Plaintiff without probable cause or any other lawful basis.

35. By arresting Plaintiff with knowledge that the arrest lacked probable cause, Defendant

Officers violated the Fourth Amendment.

36. The misconduct described in this count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

37. The misconduct described in this count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

38. As the proximate result of Defendant Officer's unlawful arrest, Plaintiff suffered a loss of her liberty, lost her job, lost her constitutional right to be free from arbitrary arrest, suffered emotional and psychological distress, and the loss of her dignity.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant Officers for compensatory damages and because the Defendant Officers acted maliciously, wantonly, and oppressively, Plaintiff seeks punitive damages against Defendant Officers in their individual capacity, plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

**COUNT III – 42 U.S.C. §1983**
**Fourth Amendment – Malicious Prosecution**
**Against All Defendant Officers**

39. Each of the three Defendant Officers, acting jointly and in conspiracy with each other, then created false police reports and fabricated a false charge against Plaintiff for violating Miami Beach ordinance 70-8.

40. Each of the Defendant Officers falsely alleged that Defendant Stella needed to use his bicycle as a defensive barrier to protect an arrest when in fact Defendant Stella used his bicycle as an offensive weapon to strike Plaintiff.

41. Each of the Defendant Officers falsely alleged that members of the crowd refused to comply with Defendant Stella's defensive tactics that necessitated the use of chemical

weapon spray when in fact Plaintiff moved backward after being struck by the bicycle without providing Plaintiff any meaningful opportunity to comply with his unlawful request.

42. Defendant Officers falsely alleged that Plaintiff complained about an indirect exposure to chemical weapon spray and inaccurately recorded Plaintiff's statements to help cover up for Defendant Stella's unlawful use of force and Defendant Officers' unlawful arrest.

43. As described in this Count, the conduct of Defendant Officers, acting under the color of law, constituted malicious prosecution in violation of the Fourth Amendment to the United States Constitution, and 42 U.S.C., Section 1983.

44. By acting jointly and in concert with each other to falsely charge Plaintiff, the Defendant Officers engaged in joint activity for which they are all liable and caused Plaintiff's prosecution.

45. The criminal charge against Plaintiff lacked probable cause because Plaintiff had done nothing other than lawfully stand on the public way using her phone when Defendant Stella struck her with a bicycle and deployed a chemical weapon spray.

46. In support of their charge against Plaintiff, Defendant Officers made numerous material false statements, as described in the paragraphs above.

47. Defendant Officers brought the criminal charge with malice to coverup for Defendant Stella's use of force and their own unlawful arrest of Plaintiff.

48. Prosecutors dismissed the criminal charge against Plaintiff after viewing the bystander video and observing material conflicts with the false statements made by the Defendant Officers.

49. The prosecution against Plaintiff therefore lacked probable cause and was brought with

malice, and the prosecution terminated in Plaintiff's favor.

50. The misconduct described in this count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

51. The misconduct described in this count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

52. As the proximate result of Defendant Officer's unlawful prosecution, Plaintiff suffered a loss of her liberty, lost her job, lost her constitutional right to be free from arbitrary prosecution, suffered emotional and psychological distress, and the loss of her dignity.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant Officers for compensatory damages and because the Defendant Officers acted maliciously, wantonly, and oppressively, Plaintiff seeks punitive damages against Defendant Officers in their individual capacity, plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

## COUNT IV – 42 U.S.C. §1983
### First Amendment – Retaliation
### Against All Defendant Officers

53. Each of the Defendant Officers violated Plaintiff's First Amendment right to be free from retaliation for recording the police on the public way.

54. Defendant Stella violated Plaintiff's right to be free from excessive force, as described in Count I, and each of the Defendant Officers violated Plaintiff's Fourth Amendment right to be free from false arrest and malicious prosecution as described in Counts II and III.

55. By using excessive force, making a false arrest, and maliciously prosecuting Plaintiff, Defendant Stella retaliated against Plaintiff for recording the police perform their public duties on the public way.

56. By making a false arrest and maliciously prosecuting Plaintiff, Defendants Bercian and Bryant retaliated against Plaintiff for recording the police perform their public duties on the public way.

57. Using one's phone on a public way is not a crime and Plaintiff committed no crime by doing so.

58. By infringing on Plaintiff's First Amendment right to be free from retaliation, each of the Defendants violated the constitution.

59. Defendant Stella retaliated with malice by using force.

60. Defendants Stella, Bercian, and Bryant retaliated with malice by causing Plaintiff's false arrest and causing Plaintiff to be falsely charged with a crime they knew she did not commit.

61. The misconduct described in this count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

62. The misconduct described in this count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

63. As the proximate result of Defendant Officer's retaliation, Plaintiff suffered a loss of her liberty, lost her job, lost her constitutional right to be free from arbitrary prosecution, suffered emotional and psychological distress, suffered physical injuries, incurred attorneys' fees to fight the criminal charge, and the loss of her dignity.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant Officers for compensatory damages and because the Defendant Officers acted maliciously, wantonly, and oppressively, Plaintiff seeks punitive damages against Defendant Officers in their individual capacity, plus the costs of this action and attorney's fees, and such other and additional relief as

this court deems equitable and just.

**COUNT V – 42 U.S.C. § 1983**
**Defendant City of Miami Beach for Violating the First Amendment to the United**
**States Constitution with an official policy: *Monell* Claim**

Plaintiff realleges paragraphs 1-63, above and further alleges as follows:

64. Plaintiff was unconstitutionally arrested and prosecuted, beginning on July 25, 2021, for an alleged violation of City of Miami Beach Ordinance Section 70-8 - Approaching a law enforcement officer, after warning, with intent to impede, provoke or harass.

65. City of Miami Beach Ordinance Section 70-8 is unconstitutional on its face and as applied under the First Amendment to the United States Constitution for each of the following reasons:

   a. The ordinance is unconstitutionally overbroad because no limiting construction could be placed on the ordinance and because it attaches sanctions to substantially more speech than the First Amendment allows, including constitutionally protected expressions of speech that "interrupt" "disrupt," "interfere," "provoke," and "directly or indirectly harass a law enforcement officer;"

   b. The ordinance is an example of unconstitutional content-based discrimination because it punishes speech about law enforcement officers but no other government employees, such as firefighters, building inspectors, or teachers;

   c. The ordinance is an example of unconstitutional viewpoint discrimination because it punishes only speech perceived to be critical of law enforcement officers, such as speech that "indirectly harass[es]" the officers;

   d. The ordinance does not further any substantial governmental interest and is not narrowly tailored to further any such interest. Indeed, it serves no legitimate purpose because existing laws, *see, e.g.*, Fla. Stat. §§ 843.02, 784.048, already

11

prohibit conduct that harasses people or obstructs law enforcement officers and lacks First Amendment protections.

66. The City of Miami Beach Ordinance Section 70-8 is an official policy of the municipality and, with at least deliberate indifference, it deprived Plaintiff of her rights secured by the First Amendment of the U.S. Constitution to engage in protected expressive activity. This Ordinance, as the justification for her arrest and prosecution, proximately caused irreparable harm to Plaintiff.

67. Plaintiff is therefore entitled to a declaration that the ordinance is unconstitutional on its face and as applied and the City of Miami Beach is liable for the damages proximately caused by its official policy.

WHEREFORE, Plaintiff prays this Court as follows: awarding Plaintiff compensatory damages in a full and fair sum as determined by a jury; awarding Plaintiff punitive damages in an amount to be determined by a jury; awarding reasonable attorneys' fees pursuant to 42 U.S. Code § 1988; a declaration that City of Miami Beach Ordinance Section 70-8 is unconstitutional; and granting such other relief as this Court deems proper.

**COUNT VI – 42 U.S.C. § 1983**
**Defendant City of Miami Beach for Violating the Due Process Clause of the Fourteenth Amendment to the United States Constitution with an official policy:**
***Monell* Claim**

Plaintiff realleges paragraphs 1-63, above and further alleges as follows:

68. Plaintiff was unconstitutionally arrested and prosecuted, beginning on July 25, 2021, for an alleged violation of City of Miami Beach Ordinance Section 70-8 - Approaching a law enforcement officer, after warning, with intent to impede, provoke or harass.

69. City of Miami Beach Ordinance Section 70-8 is unconstitutional on its face and as applied under the Fourteenth Amendment to the United States Constitution for the following

12

reasons:

    a. The ordinance is unconstitutionally vague because it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits and because it authorizes arbitrary and discriminatory enforcement by prohibiting the intent to "interrupt" "disrupt," "interfere," provoke," and "directly or indirectly harass a law enforcement officer," without defining those terms;

    b. The ordinance does not further any substantial governmental interest and is not narrowly tailored to further any such interest. Indeed, it serves no legitimate purpose because existing laws, *see, e.g.*, Fla. Stat. §§ 843.02, 784.048, already prohibit conduct that harasses people or obstructs law enforcement officers and lacks First Amendment protections.

70. The City of Miami Beach Ordinance Section 70-8 is an official policy of the municipality and, with at least deliberate indifference, it deprived Plaintiff of her rights secured by the Fourteenth Amendment to the U.S. Constitution to be free from vague laws. This Ordinance, as the justification for her arrest and prosecution, proximately caused irreparable harm to Plaintiff.

71. Plaintiff is therefore entitled to a declaration that the ordinance is unconstitutional on its face and as applied and the City of Miami Beach is liable for the damages proximately caused by its official policy.

WHEREFORE, Plaintiff prays this Court as follows: awarding Plaintiff compensatory damages in a full and fair sum as determined by a jury; awarding Plaintiff punitive damages in an amount to be determined by a jury; awarding reasonable attorneys' fees pursuant to 42 U.S. Code §

13

1988; a declaration that City of Miami Beach Ordinance Section 70-8 is unconstitutional; and granting such other relief as this Court deems proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues triable.

Date:  October 6, 2022                      Respectfully submitted,

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that all counsel of record were served with the above pleading, Plaintiff's Second Amended Complaint and Demand for Jury Trial, through the Court's electronic filing system.

Sam Thypin-Bermeo, Esq.
Florida Bar No. 1019777
Thypin Bermeo PLLC
25 S.E. 2nd Avenue, Suite 1105
Miami, FL 33131
Telephone: (786) 665-8827
Sam@ThypinBermeo.com

Chad Piotrowski
Florida Bar Number: 33507
Piotrowski Law
169 E. Flagler Street
Suite 1600
Miami, Florida 33131
Phone (305) 204-5000
chad@cplaw-miami.com

*Attorneys for Mariyah Maple*

14